Hill v City of New York (2019 NY Slip Op 01839)





Hill v City of New York


2019 NY Slip Op 01839


Decided on March 14, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 14, 2019

Richter, J.P., Manzanet-Daniels, Kapnick, Gesmer, Oing, JJ.


8443N 24128/15E

[*1] David Hill, et al., Plaintiffs-Respondents,
v
City of New York, et al., Defendants-Appellants.


Zachary W. Carter, Corporation Counsel, New York (Elina Druker of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco LLP, New York (Jillian Rosen of counsel), for respondents.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about August 14, 2017, which denied defendants' motion for a protective order preventing disclosure of a confidential informant's personal identifying information, including the dates, times and amounts of the controlled buys leading up to a search warrant, unanimously reversed, on the law and in the exercise of discretion, without costs, and the motion for a protective order granted.
The court's denial of a protective order was an improvident exercise of discretion. Defendants showed that the redactions to the police paperwork were necessary to protect the identity of a confidential informant, and plaintiff failed to show that he has a compelling interest in the information that would outweigh
defendants' interest in nondisclosure (see generally Aguilar v Immigration & Customs Enforcement Div. , 259 FRD 51, 56-58 [SD NY 2009]; see also Matter of the City of New York , 607 F3d 923, 941 [2d Cir 2010]). The court's direction that disclosure be made on an attorneys'-eyes-only basis was not sufficiently protective of the confidential informant's identity. In all likelihood, the information at issue would aid plaintiff's case only if the attorney were to discuss it with plaintiff or others, which could endanger the informant's safety.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 14, 2019
CLERK